**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | | |
|---|---|---|
| Edward Carroll Hilton, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 1:22-cv-03001-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Edward Carroll Hilton ("Petitioner"), a federal prisoner proceeding *pro se*, filed this Petitioner for Writ of Habeas Corpus on September 6, 2022. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to a magistrate judge for pretrial handling.

On November 2, 2022, Respondent filed a motion to dismiss or for summary judgment. (ECF No. 12). The following day the magistrate judge issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of Respondent's motion and the possible consequences if Petitioner failed to adequately respond thereto. (ECF No. 13). The *Roseboro* order was mailed to Petitioner at the address he provided the court, (ECF No. 14), and has not been returned to the court as undeliverable. Accordingly, Petitioner is presumed to have received the order. However, despite the magistrate judge's warning in the *Roseboro* order, Petitioner failed to file any response to Respondent's motion.

On December 8, 2022, after the deadline to respond had passed, the magistrate judge issued another order extending the time for Petitioner to respond to the motion and directing Petitioner to advise the court if he wished to continue with his case. (ECF No. 15). The order warned Petitioner

1

that if he failed to respond to the order and the Respondent's motion, his action may be dismissed for failure to prosecute. *Id*. at 2. This order was also mailed to Petitioner at the address provided to the court, (ECF No. 16), and has not been returned, so Petitioner is deemed to have received it. Nevertheless, to date Petitioner has failed to file any response to Respondent's motion, the *Roseboro* order, or the magistrate judge's December 8th order.

Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the Petition be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and to comply with court orders. (ECF No. 17). Petitioner was advised of his right to file objections to the Report. *Id*. at 3. However, Petitioner has not filed any objections and the time to do so has now run.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017). In this case, Petitioner failed to file any

objections to the magistrate judge's Report and, therefore, the court need only review the Report for clear error.

It is well established that a court has the authority to dismiss a case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or failure to comply with orders of the court. *See, e.g.*, *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962)); *see also* Rule 11, Rules Governing § 2254 Cases (applying Federal Rules of Civil Procedure to habeas cases). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link,* 370 U.S. 626, 630–31 (1962) (emphasis added). In addition to its inherent authority, this court may also *sua sponte* dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b). *Attkisson*, 925 F.3d at 625.

In considering whether to dismiss an action pursuant to Rule 41(b), the court should consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the [plaintiff's history of] proceeding in a dilatory fashion; and,
>
> (4) the effectiveness of sanctions less drastic than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978) (quoting *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)) (internal quotation marks omitted). These four factors "'are not a rigid four-pronged test'" and whether to dismiss depends on the particular circumstances of the case. *Attkisson*, 925 F.3d at 625 (quoting *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989)). For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a

recommendation of dismissal would result from failure to obey his order" was an important factor supporting dismissal. *See Ballard*, 882 F.2d at 95–96.

Here, the factors weigh in favor of dismissal. As Petitioner is proceeding *pro se*, he is personally responsible for his failure to respond to Respondent's motion and to comply with the court's orders. Additionally, Petitioner was specifically warned that his case would be subject to dismissal for failure to comply. *See* (ECF Nos. 13; 15). The court concludes that Petitioner's lack of response to Respondent's motion (ECF No. 12), the court's orders, (ECF Nos. 13; 15), and the magistrate judge's Report (ECF No. 17), indicates an intent to no longer pursue this action and subjects this case to dismissal. *See* Fed. R. Civ. P. 41(b). Furthermore, because Petitioner was explicitly warned that failure to respond or comply would subject his case to dismissal, dismissal is appropriate. *See Ballard*, 882 F.2d at 95.

Thus, having thoroughly reviewed the Report and the record under the appropriate standards and, finding no clear error, the court adopts the Report in its entirety (ECF No. 17), and incorporates it herein. The court finds, therefore, that the Petition is subject to dismissal for failure to prosecute and to comply with court orders under Federal Rule of Civil Procedure 41(b). Accordingly, Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED with prejudice**.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant

matter, the court finds that Petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
January 24, 2023

5